UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 2:17-cr-00166 |
| | * | 18 U.S.C. § 371 |
| VERSUS | * | 18 U.S.C. § 201(b)(1)(B) |
| | * | JUDGE MINALDI |
| APECK CONSTRUCTION, INC. | * | MAGISTRATE KAY |

**BILL OF INFORMATION**

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT ONE**
**Conspiracy to Defraud the United States**
**[18 U.S.C. § 371]**

A.     **DEFENDANT AND CO-CONSPIRATORS**

1. APECK CONSTRUCTION, INC. ("APECK") is hereby made a Defendant on the charges contained in this Bill of Information.

2. During the period covered by this Bill of Information, APECK was a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in Leesville, Louisiana. During the period covered by this Information, APECK was a construction and transportation company, engaged in the business of providing construction transportation services for projects in the Western District of Louisiana.

3. One or more companies and individuals, not made Defendants in this Bill of Information, participated as co-conspirators in the offenses charged in this Bill of Information and performed acts and made statements in furtherance thereof.

4.      Whenever in this Bill of Information reference is made to any act, deed, or transaction of any company, the allegation means that the company engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

5.      Co-Conspirator A was APECK's president and owner.

6.      Co-Conspirator B was the senior sales representative of Company B, a Missouri corporation with its principal place of business in St. Louis, Missouri, and a distributor of electrical, communications products, and related supply chain management and logistics services. Company B had a contract with Defense Supply Center - Philadelphia to be a Defense Logistics Agency ("DLA") prime vendor contractor. Company B's contract covered maintenance, repair, and operation supplies for the South Central Region of the United States.

7.      As Company B's senior sales representative, Co-Conspirator B was responsible for Company B's DLA contract at Fort Polk, including distributing scopes of work to and soliciting competitive bids, quotes, or proposals (hereinafter collectively referred to as "bids") from subcontractors to deliver materials or provide services to Fort Polk. Company B's contract primarily involved the supply of bulk materials to Fort Polk, which included, but was not limited to aggregate, crushed stone/rock, dust control agents, base material, fill dirt, fertilizer, and grass seed. Company B, through Co-Conspirator B, was required to solicit two competitive bids for all procurements in excess of $100 under the DLA contract.

8.      During the relevant period, APECK was a subcontractor for Company B on the DLA contract at Fort Polk. Co-Conspirator B frequently provided scopes of work to and solicited bids from APECK.

**B.     BACKGROUND**

9.      The Joint Readiness Training Center and Fort Polk (hereinafter collectively referred to as "Fort Polk") is a military installation near Leesville, Louisiana in the Western District of Louisiana. Fort Polk's mission is to prepare, deploy, sustain, and redeploy trained and ready forces of the U.S. Army, including active duty, National Guard, and the Army Reserve. Through various directorates (e.g., Directorate of Public Works (DPW), Directorate of Logistics (DOL), etc.) and installation support offices (e.g., Mission and Installation Contracting Command (MICC), etc.), Fort Polk provides housing, training, maintenance, and community facilities and services, as well as supply, transportation, and logistical planning, in support of the U.S. Army mission. These directorates and installation support offices issue task orders and administer contracts on behalf of the United States for Fort Polk.

10.     The Directorate of Public Works is responsible for maintaining the facilities and supporting the infrastructure at Fort Polk, which includes issuing task orders and administering contracts to supply, transport, and deliver raw materials for construction projects (which task orders and contracts will be hereinafter collectively referred to as being for "construction transportation services").

## C. THE CONSPIRACY

11. Beginning at least as early as March 2004 and continuing until as late as September 2011, in the Western District of Louisiana and elsewhere, APECK did knowingly and unlawfully combine, conspire, confederate, and agree with Co-Conspirators, both known and unknown to the United States, to defraud the United States by providing, and allowing to be provided, false and fraudulent information, documents, bids and representations to Fort Polk in connection with the issuance and award of task orders on construction, supply, and delivery contracts.

## D. OBJECT OF THE CONSPIRACY

12. The charged conspiracy consisted of a continuing agreement, understanding, and concert of action among the Defendant and co-conspirators, the substantial terms of which were to allow APECK to be issued or awarded task orders on construction, supply, and delivery contracts at Fort Polk at inflated and noncompetitive prices.

## E. MANNER AND MEANS OF THE CONSPIRACY

13. For the purpose of forming and carrying out the charged conspiracy, the Defendant and co-conspirators conspired to do the following:

a) knowingly created false and fictitious or rigged bids for task orders on construction, supply, and delivery contracts at Fort Polk using companies who were purportedly competing against APECK but which had no intention of providing any services to Company B or Fort Polk;

b) knowingly submitted, or allowed to be submitted, to Fort Polk, through Company B and Co-Conspirator B, false and fictitious or rigged bids for task orders on construction, supply, and delivery contracts, purporting to indicate true competition when none, in fact, existed;

c) knowingly provided to Fort Polk, through Company B and Co-Conspirator B, as part of APECK's bid for task orders on construction, supply, and delivery contracts, inflated and noncompetitive bid prices based on the submission of false and fictitious bids; and

d) knowingly submitted invoices to Fort Polk, through Company B and Co-Conspirator B, seeking payment for services provided by APECK at inflated and noncompetitive prices on construction, supply, and delivery contracts; and

e) knowingly accepted payment on task orders and contracts to provide construction transportation services that were issued or awarded based on bids that were submitted at previously agreed upon collusive and noncompetitive prices.

**F.   OVERT ACTS**

14. Beginning in 2004 and continuing through 2011, in furtherance of the conspiracy and in order to accomplish its objects, the following overt acts, among others, were committed by the Defendant and co-conspirators in the Western District of Louisiana and elsewhere:

a) Co-Conspirator A created and submitted to Fort Polk, through Company B and Co-Conspirator B, at least forty-six false and fictitious bids or rigged bids for

task orders on construction, supply, and delivery contracts at Fort Polk on behalf of Companies C, D, E, and F;

b) Co-Conspirator B accepted these forty-six false and fictitious or rigged bids from Companies C, D, E, and F knowing they were not legitimate and knowing that Companies C, D, E, and F could not and would not perform the work on Fort Polk for which it bid. On each of the forty-six occasions, the Defendant, through Co-Conspirator A, submitted bids that contained inflated and noncompetitive prices, knowing it would win because the bids of Companies C, D, E, and F were false and fictitious;

c) The Defendant was issued or awarded task orders on construction, supply, and delivery contracts at Fort Polk valued in excess of $18.9 million. Each of these contracts was awarded on the basis of inflated and noncompetitive bids submitted to Fort Polk by the Defendant, all in violation of Title 18, United States Code, Section 371 [18. U.S.C. § 371].

**COUNT TWO**
**Conspiracy to Bribe a Public Official**
**[18 U.S.C. § 371]**
**[18 U.S.C. § 201(b)(1)(B)]**

A.  DEFENDANT AND CO-CONSPIRATORS

15. Paragraphs 1 through 10 are hereby repeated and re-alleged as if fully set forth in Count Two.

16. Fort Polk, a military installation of the United States Army, employs both military and civilian employees. The directorates and installation support offices at Fort Polk that issue task orders and administer contracts on behalf of the United

States, employ civilian personnel, including Engineer Techs, to act as points-of-contact for vendors and contractors on the contracts.

17. At all times relevant to this Bill of Information, Co-Conspirator C was a public official, as defined in Title 18, United States Code, Section 201(a)(l), that is, he was an Engineer Tech in the Directorate of Public Works at Fort Polk, and as such was an employee or person acting for or on behalf of the United States, or any department or agency or branch of Government thereof, in any official function, under or by the authority of any such department or agency or branch of Government. As an Engineer Tech, Co-Conspirator C developed the scopes of work for task orders and contracts to deliver materials and provide services to Fort Polk, including determining the construction material to be used for construction, supply, and delivery contracts.

### B. THE CONSPIRACY

18. Beginning in or about July 2007, and continuing until as late as June 2010, the exact dates being unknown to the United States, in the Western District of Louisiana and elsewhere, in connection with the issuance and award of task orders on construction, supply, and delivery contracts at Fort Polk, the Defendant did knowingly and unlawfully combine, conspire, confederate, and agree with Co-Conspirator C and others, both known and unknown to the United States, to commit an offense against the United States, that is to directly and indirectly, corruptly offer, promise, and provide something of value to Co-Conspirator C, a public official, that is, money in the amount of approximately $25,000, in return for, and with the intent

to influence Co-Conspirator C to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, that is, to ensure the selection of APECK as the source, supplier, or provider of construction material for construction, supply, and delivery contracts at Fort Polk, in violation of Title 18 U.S.C. § 201(b)(l )(B).

### C.   THE OBJECT OF THE CONSPIRACY

19.   The charged conspiracy consisted of a continuing agreement, understanding, and concert of action among the Defendant and co-conspirators, the substantial terms of which were to unlawfully enrich Co-Conspirator C, a public official, and to specify construction material for construction, supply, and delivery contracts at Fort Polk that favored APECK as the source or supplier.

### D.   MANNER AND MEANS OF THE CONSPIRACY

20.   For the purpose of forming and carrying out the charged conspiracy, the Defendant and co-conspirators conspired to do the following:

a)   met and engaged in discussions concerning the source, supplier, or provider of construction material for construction, supply, and delivery contracts at Fort Polk;

b)   agreed during those discussions that Co-Conspirator A would pay money to Co-Conspirator C in exchange for Co-Conspirator C specifying construction material for construction, supply, and delivery contracts at Fort Polk that favored APECK as the source or supplier;

    c)    unlawfully solicited, demanded, and accepted something of value to ensure the selection of APECK as the source, supplier, or provider of construction material for construction, supply, and delivery contracts at Fort Polk;

    d)    corruptly offered, promised, and provided something of value to ensure the selection of APECK as the source, supplier, or provider of construction material for construction, supply, and delivery contracts at Fort Polk;

    e)    specified construction material for construction, supply, and delivery contracts at Fort Polk that favored APECK as the source or supplier; and

    f)    concealed all of the above from the U.S. Army, the employees of Fort Polk, the citizens of Leesville, Louisiana, and the United States.

**E.    OVERT ACTS**

21.    In furtherance of the conspiracy and in order to accomplish its objects, the following overt acts, among others, were committed by the Defendants and co-conspirators in the Western District of Louisiana and elsewhere:

    a)    Before or about July 2007, Co-Conspirator A met with Co-Conspirator C to discuss the source, supplier, or provider of construction material for construction, supply, and delivery contracts at Fort Polk;

    b)    Before or about July 2007, Co-Conspirator A corruptly offered and promised something of value to Co-Conspirator C to ensure the selection of APECK as the source, supplier, or provider of construction material for construction, supply, and delivery contracts at Fort Polk;

c) Before or about July 2007, Co-Conspirator C agreed to accept from Co-Conspirator A something of value in exchange for specifying construction material for construction, supply, and delivery contracts at Fort Polk that favored APECK as the source or supplier;

d) Between or about July 2007 and June 2010, Co-Conspirator A provided Co-Conspirator C with 21 payments totaling approximately $25,000 in exchange for Co-Conspirator C specifying construction material for construction, supply, and delivery contracts at Fort Polk that favored APECK as the source or supplier; and

e) Between or about March 2004 and September 2011, on at least 40 separate occasions, Co-Conspirator C specified construction material for construction, supply, and delivery contracts at Fort Polk that favored APECK as the source or supplier, all in violation of Title 18, United States Code, Sections 371 and 201(b)(l)(B) [18 U.S.C. §§ 371 and 201(b)(1)(B)].

ALEXANDER C. VAN HOOK
Acting United States Attorney

By: *s/Kelly P. Uebinger*
KELLY P. UEBINGER (Bar No. 21028)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA  70501
Telephone: (337) 262-6618